UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIM. NO. 04-30045-MAP |
| ) | |
| vs. | ) |
| ) | |
| ALFONSO CARRANO, | ) |
| ) | |
| Defendant. | ) |

## MOTION FOR UPWARD DEPARTURE AND SPECIAL CONDITIONS OF RELEASE

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this motion requesting that the court depart upward to an Offense Level 12 and impose a sentence of twelve months incarceration. In addition, the Government requests that the court impose certain special conditions of release.

I.  **The Court Should Increase Defendant Carrano's Offense Level To An Offense Level 12 To Reflect His Participation In His Mother-in-Law's Payroll Fraud.**

An Offense Level of 12 is warranted because defendant Alfonso Carrano assisted his mother-in-law, Luisa Cardaropoli, in maintaining a no-show job within the Springfield School Department and her health benefits. From June, 2001 through February, 2003, Luisa Cardaropoli received $23,800.00 in gross

1

wages from the Springfield School Department. The City of Springfield also contributed $9,0711.00 in medical insurance premiums for her from July, 2001 through February, 2003.

As the court may recall from the trial of United States v. Phillips, Ms. Cardaropoli formerly worked for MCDI. Ms. Cardaropoli, however, did not show up for work as required. In June, 2001, a number of employees were transferred from the MCDI payroll to the Springfield School Department payroll. Ms. Cardaropoli was one of these individuals.

Upon her transfer to the Springfield School Department payroll, defendant Carrano became her supervisor. Ms. Cardaropoli, however, did not change her work habits and did not report to work as required.

Defendant Carrano knew his mother-in-law was basically a no-show employee. The best evidence of his knowledge was Ms. Cardaropoli's admission into Baystate Medical Center from May 14, 2002 through May 17, 2002, and another admission from May 19, 2002 through May 20, 2002. See Exhibits 67, 68. Defendant Carrano signed his mother-in-law's timesheets indicating that she had worked seven hours per day at the Springfield School Department when in fact his mother-in-law was hospitalized at Baystate Medical Center. See Exhibit 69. Blue Cross/Blue Shield ultimately foot the approximately $8,000.00 bill for these two hospitalizations due to her health insurance through the City of

Springfield.

Defendant Carrano also profited from his mother-in-law's no-show status. As the court will recall, his mother-in-law endorsed virtually all of her payroll checks over to defendant Carrano.

Accordingly, the court should increase defendant Carrano's Offense Level from an Offense Level 8 to an Offense Level 12 under § 5K2.0 to reflect his participation in his mother-in-law's fraud scheme. Defendant Carraono's involvement in that payroll fraud scheme is an "aggravating circumstance" not taken into consideration by the present guideline calculation.

## II. The Court Should Order Defendant Carrano To Be Jointly Liable For His Mother-In-Law's Payroll Fraud As A Special Condition Of Probation.

As a special condition of probation, the court should order defendant Carrano to be held jointly liable for the $31,811.00 in gross wages and health insurance premiums that his mother-in-law obtained from the Springfield School Department. Since defendant Carrano received the majority of that money, it is reasonable and just that he be held jointly liable at a minimum.

As a special condition of probation, the court also should order defendant Carrano to be held jointly liable for the approximately $18,700.00 that Blue Cross/Blue Shield paid under his mother-in-law's family health care plan. Since Ms. Cardaropoli really did not work, she was not eligible for health

insurance. Therefore, Blue Cross/Blue Shield paid $18,700.00 in medical bills that the company ordinarily would not have paid.

### III. The Court Should Order Defendant Carrano To Wear A Sandwich Board Attesting To The Serious Nature Of His Crime Outside The Springfield School Department As A Special Condition Of Probation.

As a further special condition, the court should order defendant Carrano to wear a sandwich board outside the Springfield School Department's main building at 195 State Street for four hours on two separate, non-consecutive days. The sandwich board should read as follows:

    I STOLE $10,000 FROM THE SCHOOL DEPARTMENT.

    THIS IS A SERIOUS CRIME.

    THIS IS PART OF MY PUNISHMENT.

This special condition will promote general deterrence and send a powerful message to the community regarding the serious nature of these types of crimes. See United States v. Gementera, 379 F.3d 596, 601-602 (1st Cir. 2004)(upholding special condition requiring defendant convicted of theft of postal funds to wear sandwich board, which stated "I stole mail. This is my punishment", outside postal offices as rationally related to permissible sentencing objectives).

All too often, white collar crimes are not perceived as serious crimes. In particular, theft of public money is seen as victimless because the victims are anonymous, and injury does not seem real.

4

Theft of public money, particularly from a school department, is very harmful and real. The Government has attached a victim impact statement from the Springfield School Department to illustrate just how harmful the theft of public money can be. See Exhibit A. The Government cannot call as a victim the child whose grades may have been higher if he or she had received a little extra attention from a teacher's aide, or the child whose educational experience was diminished because he or she had to share a textbook.

This special condition serves legitimate statutory, sentencing objectives. First, it promotes general deterrence. It sends a clear, resounding message to the community that these types of crimes are very serious. What is particularly troubling by the letters of support submitted on behalf of the defendant -- many of which come from his former co-workers or subordinates -- is that the serious nature of this crime appears totally lost upon them.

Second, it serves to specifically deter this defendant and reinforce the serious nature of this crime in this defendant. Nowhere in this defendant's Pre-Sentence Report does he indicate any remorse or sorrow for his crime.

Filed this \_\_1st\_\_ day of April, 2005.

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                                _____
                                WILLIAM M. WELCH II
                                Assistant United States Attorney

## CERTIFICATE OF SERVICE

Hampden, ss.                           Springfield, Massachusetts
                                       April 1, 2005

    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by faxing said motion to:

Mark Mastroianni, Esq.
95 State Street
Springfield, MA  01103

                                                 _____
                                                 WILLIAM M. WELCH II
                                                 Assistant United States Attorney

```
W3BC -0870              BAYSTATE HEALTH SYSTEMS
 05/15/02              02:02                    (QBP$$P 62)
=================================================
  CARDAROPOLI, LUISA              F     47
  0-4330911-05      0061586     11/15/1954
  HALLOWELL, JENNIFER MD
  UNASSIGNED, UN                  INPAT
  W3       W3726B    NON-STAFF NS
=================================================
                                          ADMISSION/DISCHARGE RECORD
  EMA FLAG: Y    COMPLETE: Y                -UNOFFICIAL COPY-
  ADM DATE: 05/14/02   TIME: 11:41    CLERK: 421   SSN #: 011461917
  MARITAL STATUS: S      ETHNIC GROUP: W  LANGUAGE SPOKEN: EN  READ: EN
  ADMIT SOURCE:                          TYPE: ELECTIVE:SCHEDULED
  PCP: NON-STAFF NS                      PRIMARY RN:
  PT ADDRESS: 6 KENSINGTON AVE
                                          EAST LONGMEADOW    MA 01028
  PHONE: 413-7330913                     RELIGION: CAT              CSPC07
  PT EMPLOYER: CARDAROPOLI LANDS
     PHONE:                                 OCCUPATION:
  NEAREST RELATIVE: CARDAROPOLI, ANTONET
     ADDRESS: 750 DICKINSON ST                        RELATION: CHILD
     PHONE   HOME: 413-7325943            SPRINGFIELD        MA 01108
                                           WORK: 413-7325943
  CONTACT/GUARDIAN:
     PHONE   HOME:                        WORK:
  ADVANCE DIRECTIVE:    NO
     CONTACT/PROXY:
     WHERE FILED:                                         PHONE:       -
     ADDITIONAL INFO REQUESTED: NO INFO GIVEN-REFUSED     DATE:
  GUARANTOR: CARDAROPOLI, LUISA
     ADDRESS: 6 KENSINGTON AVE            RELATION: 01  PHONE: 413-7330913
                                          EAST LONGMEADOW   MA 01028
     EMP: CARDAROPOLI LANDS
     SSN#:
  ADMIT DIAGNOSIS: UTER POLYP FIBR MENORRHAGIA TAH BSO EMA
  ADMIT NOTES:
  ADMITTING MD: HALLOWELL, JENNIFER MD
  COVERAGE CODE: T    REFERRED BY: HALLOWELL, JENNIFER MD  GROUP: UNASSIGNED, UN
  OCCURRENCE CODE: 11   DATE: 05/09/02
  PRIMARY INSURANCE:
     INSURED: CARDAROPOLI, LOUISA         FINANCIAL CLASS: D01
     INSURER: HMO BLUE                    GRP/RID#:
     INS CO:  HMO BLUE                    POL/MH #: XXH01146191701
                                          CATEGORY:
  SECONDARY INSURANCE:
     INSURED:
     INSURER:                             GRP/RID#:
     INS CO:                              POL/MH #:
                                          CATEGORY:
                                          DISCHARGE DATE: 5-17-02 JH
====================PHYSICIAN'S REPORT==========================
DISCHARGE DIAGNOSIS: DO NOT ABBREVIATE
```

menrometrorrhagia  A 626.2    D-5690     = ICD9 CODES
anemia 2° chronic blood loss              = 218.9
                                          = 626.2
                                          = 616.0
OPERATION:                                = 617.0
                                          = 620.2
                      J Hallowell          = 622.7
DISCHARGE SUMMARY BY:                     =
                                          = 2800

                                     (5690) 5/14 / 68.4
                                                  65.61
                                                  54.25    , MD

```
=================================================================
CARDAROPOLI, LUISA                          ADMISSION/DISCHARGE RECORD
-*-
```

GOVERNMENT EXHIBIT 67  03-CR-30018

```
W3BC -2205            BAYSTATE HEALTH SYSTEMS
 05/22/02        02:00                    (QBP$$P 62)
 =======================================              OOOOO O   O OOO  OOOOO
   CARDAROPOLI, LUISA              F    47             O   OO  O O  O     O
   0-4338613-90      0061586      11/15/1954           O   O O O OOO      O
   HALLOWELL, JENNIFER MD                              O   O  OO O        O
   NON-STAFF NS                   DIS-IŸ              OOOOO O    O O      O
   DIS-I          NON-STAFF NS
 =======================================          ADMISSION/DISCHARGE RECORD
   EMA FLAG: N    COMPLETE: Y                          -UNOFFICIAL COPY-
   ADM DATE: 05/19/02   TIME: 18:52    CLERK: 071    SSN #: 011461917
   MARITAL STATUS: S      ETHNIC GROUP: W    LANGUAGE SPOKEN: EN  READ: EN
   ADMIT SOURCE:                             TYPE: URGENT
   PCP: NON-STAFF NS                         PRIMARY RN:
   PT ADDRESS: 6 KENSINGTON AVE        EAST LONGMEADOW    MA 01028
   PHONE: 413-7330913                 RELIGION: CAT            CSPC07
   PT EMPLOYER: CARDAROPOLI LANDS
     PHONE:                         OCCUPATION:
   NEAREST RELATIVE: CARDAROPOLI, ANTONET     RELATION: CHILD
     ADDRESS: 750 DICKINSON ST        SPRINGFIELD       MA 01108
     PHONE   HOME: 413-7325943        WORK: 413-7325943
   CONTACT/GUARDIAN:
     PHONE   HOME:                    WORK:
   ADVANCE DIRECTIVE:    NO
     CONTACT/PROXY:                                PHONE:
     WHERE FILED:                                  DATE:
     ADDITIONAL INFO REQUESTED: NO INFO GIVEN-REFUSED
   GUARANTOR: CARDAROPOLI, LUISA        RELATION: 01  PHONE: 413-7330913
     ADDRESS: 6 KENSINGTON AVE         EAST LONGMEADOW    MA 01028
     EMP: CARDAROPOLI LANDS
     SSN#:
   ADMIT DIAGNOSIS: POST OP PAIN VOMITINGHIGH TEMPERATURE
   ADMIT NOTES:
   ADMITTING MD: HALLOWELL, JENNIFER MD         GROUP: NON-STAFF NS
   COVERAGE CODE: T   REFERRED BY: HALLOWELL, JENNIFER MD
   OCCURRENCE CODE: 11   DATE: 05/18/02
   PRIMARY INSURANCE:                    FINANCIAL CLASS: D01
     INSURED: CARDAROPOLI, LOUISA        GRP/RID#:
     INSURER: HMO BLUE                   POL/MH #: XXH01146191701
     INS CO:  HMO BLUE                   CATEGORY:
   SECONDARY INSURANCE:
     INSURED:                            GRP/RID#:
     INSURER:                            POL/MH #:
     INS CO:                             CATEGORY:
                                         DISCHARGE DATE: 5/20/02 JA
 =========================PHYSICIAN'S REPORT==========================
   DISCHARGE DIAGNOSIS: DO NOT ABBREVIATE
                                                              = ICD9 CODES
              Ileus, UTI   A. 781.01   D-5256             =  997.4
                                                          =  E 878.8
                      UTI                                 =  997.5
                                                          =  599.0
   OPERATION:                                             =  041.4
                                                          =
                                                          =
   DISCHARGE SUMMARY BY: _____

                                 _____, MD
 =====================================================================
 CARDAROPOLI, LUISA                       ADMISSION/DISCHARGE RECORD
 -*-
```

GOVERNMENT EXHIBIT 68 03-CR-30018 PENGAD-Bayonne, N.J.

**SPRINGFIELD PUBLIC SCHOOLS**
**SPRINGFIELD, MASSACHUSETTS**

**REGULAR PAYROLL REPORT**

**DUE 5/15/02**

5/12/02 - 5/18/02

I Hereby certify that this is a correct record of attendance for the above payroll period

*Authorized Signature*

| NAME : | | days Pre. | Abs. | 12 s | 13 m | 14 t | 15 w | 16 t | 17 f | 18 s | | DO NOT WRITE IN THIS SPACE. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AVIGLIANO MARIO 158609821 01911 DELIVERY PERSON | Regular Paperwork Diff Class Diff Class Diff Overtime Other | 40 | | | 8 | 8 | 8 | 8 | 8 | | 40 | 322 00 |
| CARDAROPOLI LUISA 011461917 09814 DELIVERY PERSON | Regular Paperwork Diff Class Diff Class Diff Overtime Other | 34 | | | 6½ | 7 | 7 | 6½ | 7 | | 34 | 221 00 |
| CONWAY LAWRENCE 029183408 13650 DELIVERY PERSON | Regular Paperwork Diff Class Diff Class Diff Overtime Other | 20 | | | 4 | 4 | 4 | 4 | 4 | | 20 | 270 00 |
| COULOMBE HELEN 021304312 14516 DELIVERY PERSON | Regular Paperwork Diff Class Diff Class Diff Overtime Other | 40 | | | 8 | 8 | 8 | 8 | 8 | | 40 | 322 00 |
| DAPONTE LOUIS 034309963 16692 DELIVERY PERSON | Regular Paperwork Diff Class Diff Class Diff Overtime Other | 39½ | | | 8 | 7½ | 8 | 8 | 8 | | 39½ | 316 00 |
| DUBUC JOSEPH L. 032160803 20420 NO BASE | Regular Paperwork Diff Class Diff Class Diff Overtime Other | | | | | NO longer Employed | | | | | 0 | |
| DUTTON MARYJEAN 015661912 21205 DELIVERY PERSON | Regular Paperwork Diff Class Diff Class Diff Overtime Other | 24 | | | (No) | 6 | 6 | 6 | 6 | | 24 | 192 00 |

381 - SCHOOL LUNCH 2

I = Illnes   D = Death   B = Bus Day   F = Fam Emrg   O = Other
J = Jury Duty   H = Holiday   V = Vacation

46? ??

GOVERNMENT EXHIBIT 69  03-CR-30018

SPRINGFIELD PUBLIC SCHOOLS  
SPRINGFIELD, MASSACHUSETTS

**DUE 5/22/02**

REGULAR PAYROLL REPORT

5/19/02 - 5/25/02

I Hereby certify that this is a correct record of attendance for the above payroll period.

Authorized Signature

| NAME: | | days Pre. | Abs. | hours 19 s | 20 m | 21 t | 22 w | 23 t | 24 f | 25 s | | DO NOT WRITE IN THIS SPACE. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AVIGLIANO MARIO 158609821 01911 DELIVERY PERSON | Regular Paperwork Diff Class Diff Class Diff Overtime Other | 40 | | | 8 | 8 | 8 | 8 | 8 | | 40 | 320 00 |
| CARDAROPOLI LUISA 011461917 09814 DELIVERY PERSON | Regular Paperwork Diff Class Diff Class Diff Overtime Other | 33½ | | | 7 | 6½ | 7 | 6½ | 6½ | | 33½ | 268 00 |
| CONWAY LAWRENCE 029183408 13650 DELIVERY PERSON | Regular Paperwork Diff Class Diff Class Diff Overtime Other | 20 | | | 4 | 4 | 4 | 4 | 4 | | 20 | 270 00 |
| COULOMBE HELEN 021304312 14516 DELIVERY PERSON | Regular Paperwork Diff Class Diff Class Diff Overtime Other | 40 | | | 8 | 8 | 8 | 8 | 8 | | 40 | 260 00 |
| DAPONTE LOUIS 034309963 16692 DELIVERY PERSON | Regular Paperwork Diff Class Diff Class Diff Overtime Other | 39½ | | | 8 | 8 | 7½ | 8 | 8 | | 39½ | 316 00 |
| DUBUC JOSEPH L. 032160803 20420 NO BASE | Regular Paperwork Diff Class Diff Class Diff Overtime Other | | | | | | NO Longer Employed | | | | | |
| DUTTON MARYJEAN 015661912 21205 DELIVERY PERSON | Regular Paperwork Diff Class Diff Class Diff Overtime Other | 30 | | | 6 | 6 | 6 | 6 | 6 | | 30 | 240 00 |

381 - SCHOOL LUNCH 2

I = Illness   D = Death   B = Bus Day   F = Fam Emrg   O = Other  
J = Jury Duty   H = Holiday   V = Vacation

## Victim Impact Statement of
## The Springfield School Department

My name is Carey Sheehan. I currently work for the Springfield School Department as the Executive Director of Finance. I have held this position since 1994, and I have been working for the Springfield School department since, 1981. I have been asked by the Law Department for the City of Springfield to provide several examples of how the loss of approximately $10,000.00 in revenues impacts the Springfield School Department. I understand that this request came from the United States Attorney's Office and will be considered by the federal district court in the upcoming sentencing proceeding of <u>United States v. Alfonso Carrano</u>.

I initially note as a general matter that the Springfield School Department, like other school departments throughout the Commonwealth, has experienced a severe fiscal crisis over the last several years. Therefore, I cannot stress enough that every dollar of revenue really does matter even for a school department the size of the Springfield School Department.

First, $10,000.00 would fund half the salary of a paraprofessional, or a teacher's aide, position. There is crucial need for teacher's aides, particularly in the early grades, in the Springfield School Department. The Springfield School Department places a priority on filling those positions, and therefore, attempts to fund and fill those positions when funds are available. I believe that the importance of a teacher's aide



position, like all teaching positions in general, e.g. more individualized attention to students, etc., is self-evident, particularly in the early grades.

Second, $10,000.00 would pay for 250 textbooks. The Springfield School Department continually suffers a shortage of textbooks. Textbooks routinely are lost or damaged, and the School Department cannot compel students to buy new textbooks to replace them.

Third, $10,000.00 would pay for 8,000 school lunches. Once again, I would have to say the importance of a well-funded school lunch program and well-nourished student population is self-evident.

I also have been asked to provide several examples of how the loss of approximately $33,800.00 in revenues impacts the Springfield School Department. This figure was supplied to me by the United States Attorney's Office, and I understand that this figure includes not only the above-referenced approximately $10,000.00, but also approximately $23,800.00 in gross wages earned by Mr. Carrano's mother-in-law, Luisa Cardaropoli, while she was on the payroll at the Springfield School Department.

I believe that the above-cited examples are appropriate because of the crucial needs that these revenues fill. Therefore, $33,800.00 would fund one and a half para-professional, or a teacher's aide, positions. $33,800.00 also

2

would pay for 825 textbooks. Finally, $33,800.00 would pay for 27,500 school lunches.

As a fourth example, I thought that I would note that $33,800.00 would pay for three-fourths of the average teacher's salary for the Springfield School Department.

                                    Respectfully submitted,

                                    Carey Sheehan
                                    Executive Director of Finance
                                    Springfield School Department